# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT C. TYNER, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. CV-F-03-6636 AWI SMS P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED, WITHOUT PREJUDICE<br><br>(Doc. 55) |

I.　Findings and Recommendations on Motion to Dismiss Claim For Failure to Exhaust

　　A.　Procedural History

Plaintiff Charles Chatman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed September 1, 2004, against defendants Winett, Vazquez, Fortson, Lundy, and Johnson for retaliation in violation of the First Amendment, and defendants Winett, Vazquez, Lundy, Traynham, Mack, Wells, Jimenez, Duran, Bowman, and Johnson for violation of the Eighth Amendment based on unconstitutional conditions of confinement. (Doc. 11.) On December 19, 2005, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants  Winett, Vazquez, Fortson, Lundy, Traynham, Mack, Wells, Jimenez, Duran, Bowman, and Johnson ("defendants") filed a motion to dismiss for failure to exhaust the available administrative remedies. (Doc. 55.) Plaintiff filed an opposition on February 27, 2006.[1]  (Doc. 59.)

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on March 10, 2005.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 13.)

1

B.     Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Based on the general principle that summary judgment is on the merits while dismissal of an action for failure to exhaust is not on the merits, the failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citations omitted); Fed. R. Civ. P. 12(b). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.     Discussion

Defendants seek to dismiss the claim against Winett, Vazquez, Johnson, and Lundy stemming from the allegation that defendants forced plaintiff to stand outside in freezing weather in his underwear to punish him. Defendants contend that plaintiff did not file an appeal grieving this

///

incident, and did not obtain a Director's level decision.[2] (Motion, Ex. A, Grannis Dec., ¶¶13, 14; Ex. B, Kitzmiller Dec., ¶¶14, 15.)

In his opposition, plaintiff argues that the administrative remedies were deemed fully exhausted when prison officials failed to respond to his appeal. Plaintiff contends that after he was provided with supplies on December 12, 2002, he filled out an inmate appeal grieving the claim, made a copy for his records, and gave the original to Officer Leisman for routing to the appeals coordinator.[3] (Opp., 3:10-20.) Plaintiff contends that after two weeks passed without a response, he sent a letter to F. Schmidt, the appeals coordinator, but never received a response. (Id., 3:20-28.) Plaintiff contends he then sent a complaint to E. Alameida, Jr., the former Director of the California Department of Corrections, who referred it to Warden Calderon. (Id., 3:26-4:4.) Plaintiff further contends that there were problems with the appeals process, and that he is not at fault for the suppression or misplacement of the appeal he submitted, or for the failure of Schmidt to respond to his letter. (Id., 4:6-15 & 5:14-28.)

Although there are no Ninth Circuit Court cases on point, other Circuit Courts have addressed the issue of the effect of prison officials' failure to respond to grievances in a timely manner, and held that exhaustion occurs when prison officials fail to respond to a grievance within the policy time limits. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err

---

[2] The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2006).

[3] Plaintiff's copy of the appeal is attached to his amended complaint. (Doc. 10, Ex. B-1.)

3

1  when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance);
2  Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the
3  state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson,
4  151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies
5  are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a
6  remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v.
7  Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison
8  officials told prisoner to wait for termination of investigation before filing formal grievance and then
9  never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th
10 Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).
11 In joining the Eighth and Fifth Circuits with respect to this issue, the Seventh Circuit Court stated
12 that it "refuse[d] to interpret the PLRA 'so narrowly as to . . . permit [prison officials] to exploit the
13 exhaustion requirement through indefinite delay in responding to the grievances.'" Lewis v.
14 Washington, 300 F.3d 829, 833 (7th Cir. 2002) (citing Goodman v. Carter, No. 2000 C 948, 2001
15 WL 755137, at *3 (N.D.Ill. July 2, 2001)).  In this instance, plaintiff has set forth evidence that he
16 submitted an inmate appeal grieving the claim and then contacted the appeals coordinator when two
17 weeks passed without a response to his appeal.  Given that plaintiff attempted to utilize the appeals
18 process but did not succeed in obtaining a log number or response to his appeal, and did not
19 thereafter receive a response from the appeals coordinator to his inquiry letter, the court finds that
20 defendants are not entitled to dismissal of the claim.  In order to prevail on their motion to dismiss,
21 defendants must demonstrate the existence of available administrative remedies.  Brown v. Valoff,
22 422 F.3d 926, 936-40 (9th Cir. 2005).  Prison officials may not render the appeals process
23 unavailable by failing to process appeals and then argue that the prisoner failed to exhaust.  The court
24 finds that defendants have not met their burden of proving the absence of exhaustion, and the court
25 shall therefore recommend that defendants' motion to dismiss this claim be denied, without
26 prejudice.
27 ///
28 ///

D.   Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to dismiss plaintiff's claim against defendants Winett, Vazquez, Johnson, and Lundy, stemming from the allegation that defendants forced plaintiff to stand outside in freezing weather in his underwear to punish him, for failure to exhaust the available administrative remedies as mandated by 42 U.S.C. § 1997e(a), filed December 19, 2005, be DENIED, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 9, 2006**                    /s/ Sandra M. Snyder
icido3                                                        UNITED STATES MAGISTRATE JUDGE