# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT C. TYNER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:03-CV-06636-AWI-SMS P<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART<br><br>(Doc. 63)<br><br>SETTING PRETRIAL DISPOSITIVE MOTION DEADLINE FOR JANUARY 26, 2007<br><br>(Docs. 70 and 72) |

I.　Order

　　A.　Procedural History

Plaintiff Charles Chatman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed September 1, 2004, against defendants Winett, Vazquez, Fortson, Lundy, and Johnson for retaliation in violation of the First Amendment, and defendants Winett, Vazquez, Lundy, Traynham, Mack, Wells, Jimenez, Duran, Bowman, and Johnson for violation of the Eighth Amendment based on unconstitutional conditions of confinement.

On June 12, 2006, plaintiff filed a timely motion to compel a further response to his request for the production of documents. (Doc. 63.) Defendants Winett, Vazquez, Fortson, Lundy, Johnson, Traynham, Mack, Wells, Jimenez, Duran, and Bowman ("defendants") filed an opposition on July 21, 2006, and plaintiff filed a reply on August 17, 2006. (Docs. 68, 69.) A telephonic hearing to

///

resolve plaintiff's motion to compel was held on October 17, 2006, at 10:00 a.m. in Courtroom 7 before the undersigned.

### B. Timeliness of Defendants' Response

Responses to discovery requests must be served within forty-five days under the court's order and Federal Rule of Civil Procedure 6(e) provides an additional three days. Plaintiff served his second request for the production of documents on March 1, 2006. (Motion, Ex. A.) Absent stipulation between the parties or an extension of time from the court, defendants' response was due on or before April 18, 2006. Defendants served their response on May 24, 2006. (Ex. B.) The failure to timely object constitute a waiver of the objections. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992); see also Davis v. Fendler, 650 F.3d 1154,1160 (9th Cir. 1981); Woods v. Kraft Foods, Inc., No. CV F 05-1587 LJO, 2006 WL 2724096, *1-2 (E.D. Cal. Sept. 22, 2006).

Defendants sought an extension of time to respond to plaintiff's *first* request for the production of documents on April 14, 2006. (Doc. 60.) The request was granted and defendants were given until May 31, 2006, to respond. (Doc. 61.) However, plaintiff's *second* request for the production of documents is at issue here, not his first request. Given that defendants previously moved for an extension of time to respond to plaintiff's first request, on December 2, 2005 (Doc. 54), it appeared to the court that this may have been an editing error on defendants' part. Defendants' counsel stated during the hearing that it was an error, and the court is satisfied that it was. Accordingly, defendants' response was timely.

### B. Plaintiff's Request for the Production of Documents, Set Two

#### 1. Request One

In request number one, plaintiff seeks: "The names and present locations of all inmates placed in administrative segregation at the same time of plaintiff's placement on December 9, 2002, at approximately 7:30 p.m., who are witnesses in the herein case." (Motion, Ex. A.)

Defendants object that the request is overly broad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. (Id., Ex. B.) Also, defendants object that the information sought pertaining to other inmates is subject to protection as official information under

section 3370 of Title 15 and disclosure would jeopardize institutional security. (Id) In opposition to plaintiff's motion, defendants contend that objections aside, they do not have possession, custody, or control of such a document, they have determined no such document exists after reasonable inquiry, and plaintiff seems to be asking defendants to create such a document.

As set forth during the hearing, plaintiff is only seeking the names of the inmates who were forced to stand outside in the freezing weather with him, as potential witnesses, and is not seeking information on confidential informants involved in the protest incident. Attached to plaintiff's reply is a memorandum to F. B. Haws by C. Fortson, dated December 31, 2002, which contains a list of inmates who were sent to administrative segregation. The copy placed in plaintiff's file has been redacted so only plaintiff's name shows. Thus, it appears a document containing the names and CDC numbers plaintiff seeks was created and presumably exists somewhere in un-redacted form.

Defendants are not required to create any documents or to obtain the current locations of the inmates set forth in the memo, as that is beyond the scope of their duty in responding to document production requests. However, defendants shall produce to plaintiff an un-redacted copy of the memo on or before October 31, 2006. After reviewing the memo, plaintiff may contact the court and it will provide the current locations of the inmates, if they are still in prison.

        2.      <u>Request Two</u>

In request number two, plaintiff seeks: "A copy of the taped interview or transcribed version between plaintiff and (defendant) Lieutenant C. Forston held on December 7, 2002." (Motion, Ex. A.)

Defendants object on the ground that they do not have possession, custody, or control of responsive documents. (<u>Id</u>., Ex. B.) Defendants also contend that after a reasonable inquiry and diligent search, the documents have not been found. In opposition to the motion, defendants contend they made a reasonable inquiry and cannot locate any audio or written transcription of an interview between plaintiff and defendant Fortson.

Plaintiff contends that he, his cellmate, and over a dozen other inmates were interviewed by Fortson and the interviews were taped. Although defendants contend they made a reasonable inquiry, it was unclear until the hearing what this inquiry entailed. Defendants shall contact the

litigation coordinator and obtain a declaration, signed under penalty of perjury, setting forth the reasonable efforts made to obtain the interview tapes, including what the search entailed and who conducted the search. If a search of the areas where such tapes would be kept in the ordinary course of business is unsuccessful, absent evidence to the contrary, the court and plaintiff must accept that no tapes responsive to this request were found. Although defendants' counsel stated that she could obtain the declaration by next week, the court will set the deadline for October 31, 2006. If an extension of time is needed, counsel shall file a request with the court on or before the deadline.

        3.    <u>Request Three</u>

In request number 3, plaintiff seeks: "A copy of the log book detailing plaintiff's housing arrangements and length of time spent in each from his arrival in administrative segregation to the day of his transfer to High Desert State Prison." (Motion, Ex. A.)

Defendants object that the request is vague and ambiguous as to "log book," and contend that plaintiff's movement history is contained in plaintiff's central file and is equally available to plaintiff. (<u>Id</u>., Ex. B.) Defendants state that objections not withstanding, plaintiff's movement history has been provided. (<u>Id</u>.) In opposition to the motion, defendants reassert that they do not have possession, custody, or control of a log book for administrative segregation at CCI.

Defendants provided a Movement History Sheet, which does reflect plaintiff's general movement between prisons and between housing units within the prison. Plaintiff appears to be seeking a housing unit log book which memorialized which cell(s) he was placed in. Defendants object that they don't have possession, custody, or control of a log book.

Although defendants contend they made a reasonable inquiry, it is unclear what this inquiry entailed. Defendants shall contact the litigation coordinator and obtain a declaration, signed under penalty of perjury, setting forth the reasonable efforts made to obtain the log book, including what the search entailed and who conducted the search. If a search of the areas where such a log book would be kept in the ordinary course of business is unsuccessful, absent evidence to the contrary, the court and plaintiff must accept that no log book was found. Although defendants' counsel stated that she could obtain the declaration by next week, the court will set the deadline for October 31, 2006. If an extension of time is needed, counsel shall file a request with the court on or before the deadline.

C. <u>Pretrial Dispositive Motion Deadline</u>

On August 25, 2006, the court granted defendants' motion for an extension of the pretrial dispositive motion deadline and stated it would set a new deadline during the hearing. Because plaintiff objected to defendants' motion, plaintiff's concerns were addressed during the hearing. As explained to plaintiff, it benefits plaintiff to complete discovery prior to being required to oppose a motion for summary judgment and there has been no showing of prejudice. Accordingly, the pretrial dispositive motion deadline is extended to January 27, 2007, to enable the parties to complete discovery and plaintiff to contact his inmate witnesses.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed June 12, 2006, is GRANTED in part as follows:

   a. On or before October 31, 2006, defendants shall provide plaintiff with an un-redacted copy of the memorandum to F. B. Haws from C. Fortson, dated December 31, 2002; and

   b. On or before October 31, 2006, defendants shall submit a declaration from the litigation coordinator, signed under penalty of perjury, setting forth the reasonable efforts made to obtain the interview tapes and log book, including what the search entailed and who conducted the search; and

2. The deadline to file pre-trial dispositive motions is extended to January 26, 2007.

IT IS SO ORDERED.

**Dated:   October 17, 2006**              /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE

5