# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SERGEANT C. TYNER, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:03-CV-06636-AWI-SMS P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS, WITH PREJUDICE<br><br>(Doc. 77) |

I.　　Order

　　A.　　Procedural History

Plaintiff Charles Chatman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed September 1, 2004, against defendants Winett, Vazquez, Fortson, Lundy, and Johnson for retaliation in violation of the First Amendment, and defendants Winett, Vazquez, Lundy, Traynham, Mack, Wells, Jimenez, Duran, Bowman, and Johnson for violation of the Eighth Amendment based on unconstitutional conditions of confinement.

On June 12, 2006, plaintiff filed a timely motion to compel a further response to his request for the production of documents. Defendants Winett, Vazquez, Fortson, Lundy, Johnson, Traynham, Mack, Wells, Jimenez, Duran, and Bowman ("defendants") filed an opposition on July 21, 2006, and plaintiff filed a reply on August 17, 2006. A telephonic hearing to resolve plaintiff's motion to compel was held on October 17, 2006, and plaintiff's motion to compel was granted in part.

///

1  Defendants were ordered to provide plaintiff with an un-redacted copy of the memorandum to F. B.
2  Haws from C. Fortson, dated December 31, 2002, on or before October 31, 2006.
3       On November 7, 2006, plaintiff filed a motion seeking sanctions against defendants on the
4  ground that the copy they provided was altered. Defendants filed an opposition on November 20,
5  2006, and plaintiff filed a reply on December 14, 2006.
6       B.     <u>Plaintiff's Motion for Sanctions</u>
7       Plaintiff contends that the memorandum, which lists the names of twenty-seven inmates
8  including plaintiff, was altered because plaintiff's cellmate's name is missing from the list and the
9  memo lists additional inmates who were not placed in administrative segregation at the same time
10 as plaintiff. Plaintiff contends that defendants failed to comply with the court's order because they
11 did not provide him with the names of all inmates placed in administrative segregation on December
12 9, 2002, at approximately 7:30 p.m. In response to defendants' opposition that plaintiff's motion
13 is frivolous, plaintiff contends that defendants have submitted no evidence refuting his charge that
14 the memo was altered and elaborates further on why the memo is inaccurate. Plaintiff contends that
15 eleven inmates were sent to administrative segregation with him on December 9, 2002, yet the memo
16 lists twenty-seven inmates, only eight of which were in the group of eleven.
17      Plaintiff's motion for sanctions is baseless. Plaintiff is misrepresenting the court's order to
18 defendants, and plaintiff's motion is not supported by any evidence that the copy provided to him
19 was altered.
20      First, defendants were not ordered to provide plaintiff with the names of all inmates placed
21 in administrative segregation at the same time as plaintiff. Plaintiff's motion was one to compel the
22 production of an un-redacted copy of the memo in question. The motion was granted and defendants
23 provided an un-redacted copy, thereby discharging their duty under the court's order. With respect
24 to this document production request, defendants were not and are not under any obligation to create
25 documents for plaintiff or to provide plaintiff with any information outside of producing the un-
26 redacted memo.
27      With respect to the charge of alteration, the court has viewed the copy provided by plaintiff
28 and there is nothing about the appearance of the document that suggests it was altered. (Doc. 77,

pgs. 11, 13.)  Further, the memo states, in relevant part, "Based on information revealed in those interviews, the inmates listed below were re-housed in Administrative Segregation pending an investigation into the aforementioned disturbance."  (Id., pg. 11.)  The memo makes no representation that the inmates listed were limited to those placed in administrative segregation on December 9, 2002, at approximately 7:30 p.m. along with plaintiff.

Regardless, the alleged fact that the memo does not contain certain names that plaintiff believes it should contain or that the memo contains names that plaintiff believes it should not contain is immaterial to this proceeding. Plaintiff sought production of an un-redacted copy and was provided with one.  There is no legal basis for plaintiff to seek sanctions in this proceeding over the contents of the document provided, absent evidence that plaintiff was not provided with an un-redacted copy or that the un-redacted copy was tampered with in conjunction with turning the document over to plaintiff.  There is no such evidence.

Plaintiff's contention in his reply that defendants' failed to address the supplemental reports provided with his motion, which list the names of fifty-seven inmates, is unavailing. Defendants are not required to respond to such evidence, as it is irrelevant to their duty to provide an un-redacted copy of the memo to plaintiff.  Plaintiff may not parlay the grant of his request for an un-redacted copy of the memo into a fishing expedition for other documents or any other information outside of the memo.

C.  Conclusion

Based on the foregoing, it is HEREBY ORDERED that plaintiff's motion for sanctions, filed November 7, 2006, is DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **December 19, 2006**              /s/ Sandra M. Snyder
icido3                                      UNITED STATES MAGISTRATE JUDGE