# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>           Plaintiff,<br><br>    v.<br><br>SERGEANT C. TYNER, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:03-cv-06636-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 79)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

      Plaintiff Charles Chatman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 14, 2006, plaintiff filed a motion seeking a court order requiring prison officials at High Desert State Prison to provide plaintiff with paper, envelopes, and document copies so that he may correspond with the court and defendants in this action.

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

1

1  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
2  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
3  Id.

4  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
5  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
6  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
7  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
8  1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
9  no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has
10 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
11 attempt to determine the rights of persons not before the court. " Zepeda v. United States
12 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

13 The claims in this action accrued in December 2002, while plaintiff was housed at the
14 California Correctional Institution, and relate to plaintiff's past conditions of confinement there.
15 Because the relief requested by plaintiff in his motion would not remedy any of the claims in this
16 action, the court has no jurisdiction to issue the order sought by plaintiff in his motion.

17 Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
18 preliminary injunctive relief, filed December 14, 2006, be DENIED.

19 These Findings and Recommendations will be submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
21 **days** after being served with these Findings and Recommendations, plaintiff may file written
22 objections with the court. The document should be captioned "Objections to Magistrate Judge's
23 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
24 ///
25 ///
26 ///
27 ///
28 ///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 16, 2007**                    /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE