# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SERGEANT C. TYNER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:03-cv-06636-AWI-SMS PC<br><br>ORDER ADDRESSING PLAINTIFF'S OBJECTION AND REQUIRING PLAINTIFF TO COMPLY WITH PROCEDURE SET FORTH IN DEFENSE COUNSEL'S LETTER WITHIN THIRTY DAYS<br><br>(Doc. 92)<br><br>ORDER DIRECTING DEFENDANTS' COUNSEL TO FILE A STATUS REPORT ON THE OUTSTANDING WITNESS ISSUE WITHIN FORTY-FIVE DAYS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY AND SET PRETRIAL DISPOSITIVE MOTION DEADLINE<br><br>(Doc. 90)<br><br><u>Pretrial Dispositive Motion<br>Deadline</u>:　　December 4, 2007<br><br><u>Opposition Deadline</u>: February 4, 2008 |

I.　　<u>Order</u>

　　A.　　<u>Relevant Procedural History</u>

Plaintiff Charles Chatman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed September 1, 2004, against defendants Winett, Vazquez, Fortson, Lundy, and Johnson for retaliation in violation of the First Amendment, and defendants

1

Winett, Vazquez, Lundy, Traynham, Mack, Wells, Jimenez, Duran, Bowman, and Johnson for violation of the Eighth Amendment based on unconstitutional conditions of confinement.

On January 8, 2007, plaintiff filed a motion seeking the Court's assistance in locating twenty-seven witnesses. (Doc. 82.) The Court vacated the pretrial dispositive motion deadline, set the matter for a telephonic hearing, and following the hearing, issued the following order:

> 1. Plaintiff's motion is GRANTED to the extent that the Court will locate the following nine inmate witnesses and will request that the wardens at the institutions allow the inmates to correspond in writing for the limited purpose of allowing plaintiff to (1) ascertain whether the inmates are eye or ear witnesses to events relevant to plaintiff's claims in this action, (2) ascertain whether the inmates are willing to cooperate and provide statements to plaintiff, and (3) obtain declarations from each witnesses, signed under penalty of perjury, attesting to what they saw or heard:
>    Koch, Rodney T-35419
>    Matthews, Lester J-93234
>    Allen K-68578
>    Williams, Darryle C-68242
>    Dedmon, Andre P-60122
>    Green, Kenneth E-00453
>    Hasan, Jawwaaz H-84717
>    McCray, Malcolm J-07628
>    Kline, Stacy J-99283;
>
> 2. The pretrial dispositive motion deadline will be re-set once sufficient progress has been made regarding facilitation of plaintiff's communication with his inmate witnesses; and
>
> 3. The Court's attempt to facilitate plaintiff's contact with the twenty-six inmates set forth in the memorandum dated December 31, 2002, plus Rodney Koch, is limited to the nine inmates listed above.

(Doc. 86.) On March 6, 2007, the Court sent a letter to the wardens at the prisons at which plaintiff and his inmate witnesses were housed, requesting that plaintiff be granted permission to communicate with his witnesses. (Doc. 88.)

On April 23, 2007, plaintiff filed a motion requesting that the Court lift the stay and set a pretrial dispositive motion deadline. (Doc. 90.) Plaintiff stated that prison officials were not cooperating and he was willing to proceed with his case without further delay, and that he already had enough information to defeat a motion for summary judgment. On May 29, 2007, plaintiff filed an objection to defendants' dictation of his witness correspondence and requested an order mandating that defendants and their counsel cease dictating the terms of his correspondence. (Doc. 92.) Defendants did not file a response to either filing.

B. <u>Objection</u>

Plaintiff objects to the procedure proposed by defense counsel in her letter dated April 20, 2007, and takes issue with counsel's involvement in formulating a procedure. Plaintiff contends that under the procedure, his correspondence would be viewed by many different prison officials and by defense counsel. Plaintiff also contends that counsel's second letter, dated May 21, 2007, falsely asserts that all the wardens have agreed to the same procedure and points out that Warden Evans at Salinas Valley State Prison sent a letter setting forth a different procedure. Plaintiff also contends that counsel falsely accused him of trying to communicate with his witnesses by using the Court's order as a representation that he is entitled to mail correspondence to his witnesses. Plaintiff asserts that he is in compliance with Title 15 regulations and the wardens have no authority to act in contravention of the regulations.

The issuance of the letter by Warden Evans does not necessarily compel the conclusion that defense counsel misrepresented that all wardens were in agreement with the procedure. Further, the Court can resolve this issue without delving into what plaintiff may or may not have done, and will now do so.

Under no circumstance should plaintiff expect to be allowed to correspond with his inmate witnesses in complete confidentiality. As set forth in the Court's letter, communication is subject to whatever restrictions and procedures prison officials' deemed appropriate. The Court has *requested* that plaintiff be granted permission to communicate with his witnesses. How prison officials choose to accommodate this request rests soundly in their discretion. The Court suggests to plaintiff that insistence with rigid compliance with the regulation governing inmate communication may in the end serve plaintiff's needs less well than allowing prison officials to work out a procedure that is less burdensome and complicated for all.

The Court has reviewed the procedure proposed by defendants' counsel in her letter dated April 20, 2007, and finds it to be reasonable and acceptable. Plaintiff can be assured that his communication with his witnesses stands a significantly better chance of being accomplished with counsel's assistance in facilitating with staff at each of the prisons an agreed upon procedure rather than by leaving the matter in plaintiff's hands with only a letter. If plaintiff is interested in

communicating with his nine inmate witnesses, plaintiff shall comply with the procedure chosen by prison officials to effect communication by drafting and submitting his questions to the High Desert State Prison Litigation Coordinator within thirty days from the date of service of this order. Defense counsel shall provide the Court with a status report in forty-five days, and shall notify the Litigation Coordinator at High Desert that he or she may be contacted by plaintiff within the next thirty days regarding the witness issue, in an effort to minimize any potential problems.

With respect to the letter from Warden Evans at Salinas Valley State Prison, dated April 26, 2007, Warden Evans outlined a procedure that differs from that set forth by defense counsel. While Warden Evans has the discretion to handle this issue as he chooses, including requiring strict compliance with Title 15 regulations, it does seem to the Court that having one agreed upon procedure would be simpler, and lead to less confusion and delay. In the status report, defense counsel shall address this issue and notify the Court whether the agreed upon procedure is acceptable to prison officials at Salinas Valley State Prison or not.

C. <u>Motion to Lift Stay and Set Deadline</u>

Plaintiff has requested that the stay be lifted and a pretrial dispositive motion deadline be set. Plaintiff has represented to the Court that he has sufficient information to oppose a motion for summary judgment. Therefore, plaintiff's motion shall be granted. The deadline for filing pretrial dispositive motions is December 4, 2007, and the deadline for filing oppositions is February 4, 2008.

D. <u>Conclusion</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, plaintiff shall comply with the procedure set forth in defense counsel's letter dated April 20, 2007;

2. Defense counsel shall notify the Litigation Coordinator at High Desert State Prison that he or she may be contacted by plaintiff within the next thirty days to initiate communication with his witnesses, and within **forty-five (45) days** from the date of service of this order, defendants' counsel shall file a status report on the witness issue, including addressing the issue of Warden Evan's letter;

///

4

3.   Plaintiff's motion that the stay be lifted and a pretrial dispositive motion deadline be set, filed April 23, 2007, is GRANTED;

4.   The deadline for filing pretrial dispositive motions is December 4, 2007; and

5.   The deadline for filing oppositions is February 4, 2008.

IT IS SO ORDERED.

**Dated:   August 16, 2007**                              /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE