# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>           Plaintiff,<br><br>    v.<br><br>SERGEANT C. TYNER, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:03-cv-06636-AWI-SMS PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PRESERVATION OF LOG BOOK, SHOULD THE LOG BOOK BE LOCATED, AND DENYING PLAINTIFF'S MOTION SEEKING A REPORT EVERY SIXTY DAYS AS TO EFFORTS TO LOCATE LOG BOOK<br><br>(Doc. 94) |

**I.      Order on Motion for Preservation of Log Book and for Status Reports**

Plaintiff Charles Chatman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 12, 2006, plaintiff filed a motion to compel a response to his request for the production of a log book detailing his housing arrangements and length of time spent in each from his arrival in administrative segregation to the day of his transfer to High Desert State Prison. (Doc. 63.) Defendants contended they do not have possession, custody, or control of a log book for administrative segregation. Pursuant to the court's order of October 19, 2006, defendants were directed to contact the litigation coordinator and obtain a declaration, signed under penalty of perjury, setting forth the reasonable efforts made to obtain the log book, including what the search entailed and who conducted the search. (Doc. 75.) In the order, the court stated, "If a search of the areas where such a log book would be kept in the ordinary course of business is unsuccessful, absent evidence to the contrary, the court and plaintiff must accept that no log book was found." (Id., 4:24-26.) On October 26, 2006, defendants filed the declaration of

1

S. Albritton, who attested that a search was conducted and the log book for 2002 was not located. (Doc. 76.)

Almost one year later, on September 13, 2007, plaintiff filed a motion seeking an order directing defendants to preserve the log book from destruction while this action is pending, and seeking an order requiring the Facility Litigation Coordinator and Staff Services Analysts to provide a report every sixty days detailing their efforts to locate the log book. (Doc. 94.) Defendants did not file a response.

Discovery is closed with the exception of the issue relating to plaintiff's communication with his inmate witnesses, and plaintiff may not raise new issues or seek to obtain new forms of relief concerning discovery at this juncture. The 2002 log book was the subject of a timely discovery request and if it is located, defendants are under an obligation to update their response to plaintiff's request for the production of the log book. Fed. R. Civ. P. 26(e)(2). To that extent, plaintiff's motion for the preservation of the log book is granted. However, defendants are not obligated to conduct periodic searches for the log book and provide updates. Plaintiff's motion is therefore denied as to his request for a status report every sixty days.

Accordingly, plaintiff's motion for the preservation of the log book is GRANTED as limited herein, and plaintiff's motion for a status report every sixty days as to efforts to locate the log book is DENIED.

IT IS SO ORDERED.

**Dated:   October 24, 2007**               /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE