# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT C. TYNER, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:03-cv-06636-AWI-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO FILE A SUPPLEMENTAL STATUS REPORT REGARDING THE ALLEN AND KLINE INTERROGATORIES WITHIN THIRTY DAYS (Doc. 99)<br><br>ORDER REQUIRING DEFENDANTS TO RESPOND TO PLAINTIFF'S STATUS REPORT WITHIN FORTY DAYS (Doc. 99) |

　　　Plaintiff Charles Chatman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed September 1, 2004, against defendants Winett, Vazquez, Fortson, Lundy, and Johnson for retaliation in violation of the First Amendment, and defendants Winett, Vazquez, Lundy, Traynham, Mack, Wells, Jimenez, Duran, Bowman, and Johnson for violation of the Eighth Amendment based on unconstitutional conditions of confinement.

　　　The Court previously granted plaintiff's motion for assistance in locating inmate witnesses and a procedure was devised to allow plaintiff to contact nine inmate witnesses to determine whether they had any relevant knowledge and whether they would be willing to provide statements to plaintiff. (Docs. 86, 93.) On December 6, 2007, plaintiff filed a status report detailing some difficulties he has encountered in attempting to utilize the procedure. (Doc. 99.)

///

Turning first to plaintiff's request that he be allowed to contact inmates Dodson, McBath, Robles, Valentine, and Kornegay, those inmates are not among the nine inmates plaintiff was granted permission to communicate with. The Court was clear during the hearing and has been clear in its orders that the witness issue is limited to the nine inmates selected by plaintiff during the hearing. There will be no expansion of the witness group. At no time was it contemplated that if plaintiff received unsatisfactory responses, he could select another inmate from the Fortson memorandum. Indeed, the Court warned plaintiff during the hearing that it could not guarantee that the inmates selected by plaintiff would remember the incident or agree to assist plaintiff.

The Court wishes defendants to weigh in on plaintiff's contention that he provided Litigation Coordinator C. J. Spirks with nine sets of interrogatories pursuant to the agreed upon procedure, but that despite representing to defense counsel that he was in receipt of nine sets, Spirks told plaintiff that he did not receive interrogatories from plaintiff for Dedmon, Koch, Green, and Matthews. Further, the Court wishes defendants to weigh in on plaintiff's request to send a follow-up set of interrogatories to Williams. Counsel's letter, which set forth the procedure the Court found to be acceptable, informed plaintiff that, within two weeks of receipt of the interrogatory response, he could request any needed clarification or follow-up from the witnesses and counsel would attempt to facilitate it. Plaintiff contends that he notified counsel he wished a follow-up from inmate Williams but his request has not been addressed by counsel.

Plaintiff also contends that the interrogatories sent to Allen and Kline were returned unsigned under penalty of perjury. It is unclear to the Court if the documents were not signed at all or if the inmates signed them but declined to do so under penalty of perjury. Also, it is unclear if the responses are at all helpful to plaintiff. If the responses contain no useful information, the signature issue appears to be moot. Plaintiff shall clarify these issues and, in his response, attach the Allen and Kline interrogatories so that the Court can determine whether there is any issue with the signatures that requires correction.

///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, plaintiff shall clarify the signature issues relating to the Allen and Kline interrogatories, and shall include with his response the interrogatories; and

2. Within **forty (40) days** from the date of service of this order, defendants shall file a response to plaintiff's status report of December 6, 2007.

IT IS SO ORDERED.

**Dated:**   **February 29, 2008**            /s/ Sandra M. Snyder
                                                      UNITED STATES MAGISTRATE JUDGE