1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, | CASE NO. 1:03-cv-06636-AWI-SMS PC |
| Plaintiff, | ORDER ADDRESSING AND RESOLVING OUTSTANDING ISSUES WITH WITNESS COMMUNICATION |
| v. | |
| SERGEANT C. TYNER, et al., | (Docs. 86, 99 and 114) |
| Defendants. | ORDER REQUIRING PLAINTIFF TO SUBMIT GREEN INTERROGATORIES TO LITIGATION COORDINATOR WITHIN THIRTY DAYS |
| _____/ | |

### Order on Outstanding Witness Issues

**I.    Procedural History**

Plaintiff Charles Chatman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's amended complaint, filed September 1, 2004, against defendants Winett, Vazquez, Fortson, Lundy, and Johnson for retaliation in violation of the First Amendment, and defendants Winett, Vazquez, Lundy, Traynham, Mack, Wells, Jimenez, Duran, Bowman, and Johnson for violation of the Eighth Amendment based on unconstitutional conditions of confinement.

On February 13, 2007, the Court issued an order granting plaintiff's motion for assistance in locating inmate witnesses.  (Doc. 86.)  The Court agreed to locate nine inmate witnesses and requested that the wardens at the institutions allow the inmates to correspond in writing for the limited purpose of allowing plaintiff to (1) ascertain whether the inmates are eye or ear witnesses to

1   events relevant to plaintiff's claims in this action, (2) ascertain whether the inmates are willing to

2   cooperate and provide statements to plaintiff, and (3) obtain declarations from each witnesses, signed

3   under penalty of perjury, attesting to what they saw or heard. (Id.) Pending resolution are ongoing

4   issues with plaintiff's attempts to contact his inmate witnesses.

5        On March 3, 2008, the Court issued an order which stated in relevant part:

6        The Court previously granted plaintiff's motion for assistance in locating inmate
         witnesses and a procedure was devised to allow plaintiff to contact nine inmate
7        witnesses to determine whether they had any relevant knowledge and whether they
         would be willing to provide statements to plaintiff. (Docs. 86, 93.) On December
8        6, 2007, plaintiff filed a status report detailing some difficulties he has encountered
         in attempting to utilize the procedure. (Doc. 99.)

9
         The Court wishes defendants to weigh in on plaintiff's contention that he provided
10       Litigation Coordinator C. J. Spirks with nine sets of interrogatories pursuant to the
         agreed upon procedure, but that despite representing to defense counsel that he was
11       in receipt of nine sets, Spirks told plaintiff that he did not receive interrogatories from
         plaintiff for Dedmon, Koch, Green, and Matthews. Further, the Court wishes
12       defendants to weigh in on plaintiff's request to send a follow-up set of interrogatories
         to Williams. Counsel's letter, which set forth the procedure the Court found to be
13       acceptable, informed plaintiff that, within two weeks of receipt of the interrogatory
         response, he could request any needed clarification or follow-up from the witnesses
14       and counsel would attempt to facilitate it. Plaintiff contends that he notified counsel
         he wished a follow-up from inmate Williams but his request has not been addressed
15       by counsel.

16       Plaintiff also contends that the interrogatories sent to Allen and Kline were returned
         unsigned under penalty of perjury. It is unclear to the Court if the documents were
17       not signed at all or if the inmates signed them but declined to do so under penalty of
         perjury. Also, it is unclear if the responses are at all helpful to plaintiff. If the
18       responses contain no useful information, the signature issue appears to be moot.
         Plaintiff shall clarify these issues and, in his response, attach the Allen and Kline
19       interrogatories so that the Court can determine whether there is any issue with the
         signatures that requires correction.

20
    (Doc. 107.)
21
         The Court ordered plaintiff to file a supplemental status report clarifying the signature issues
22
    relating to the Allen and Kline interrogatories within thirty days, and to include the interrogatories
23
    with the response; and ordered defendants to file a response to plaintiff's status report of December
24
    6, 2007, within forty days from the date of service of plaintiff's supplemental status report. (Doc.
25
    107.) Plaintiff filed his supplemental status report on April 8, 2008, and defendants filed a response
26
    on April 18, 2008. (Docs. 114, 117.)
27
    ///
28

                                                  2

**II.    Follow-Up Interrogatories for Inmate Williams**

In a letter dated April 20, 2007, counsel for defendants Winett, Vazquez, Lundy, Traynham, Mack, Wells, Jimenez, Fortson, Bowman, and Johnson laid out a procedure for facilitating plaintiff's communication with his inmate witnesses. (Doc. 99, court record pgs. 20-21.) Plaintiff objected, but the procedure was deemed acceptable by the Court and plaintiff was notified that he was required to comply with it if he wanted to communicate with his witnesses. (Doc. 93.) In the letter, counsel informed plaintiff that if he required clarification or follow-up, he could contact her within two weeks of receiving the response at issue and she would attempt to facilitate follow-up interrogatories. (Doc. 99, c.r. pg. 21.) Plaintiff wishes to send additional interrogatories to inmate Williams, who responded to the first set and stated he is willing to testify on plaintiff's behalf.

The Court's original order specified that correspondence was limited to allowing plaintiff to (1) ascertain whether the inmates are eye or ear witnesses to events relevant to plaintiff's claims in this action, (2) ascertain whether the inmates are willing to cooperate and provide statements to plaintiff, and (3) obtain declarations from each witnesses, signed under penalty of perjury, attesting to what they saw or heard. (Doc. 86.) The order did not contemplate further correspondence if an inmate indicated his willingness to testify or for any other purpose. Plaintiff has made no showing that inmate Williams' response to the interrogatories necessitates follow-up interrogatories, and because the request for further correspondence is beyond what was contemplated by the Court in its order of February 13, 2007, plaintiff's request for leave of court to send additional interrogatories to inmate Williams is denied.

**III.    Parole of Inmate Matthews**

Inmate Matthews was released on parole. (Docs. 95, 117.) Although counsel attempted to get the interrogatories to Matthews through his parole office, the parole officer has not returned her phone calls. (Id.)

The Court's order contemplated facilitation of communication between inmates at a number of different prisons. Matthews is no longer incarcerated and is therefore no longer subject to the order.

///

3

1  Counsel's attempt to have Matthews contacted through his parole officer is appreciated by
2  the Court. Unfortunately, the attempt was not fruitful. Having already gone above and beyond what
3  is required under the Court's order, no further action need be taken with respect to Matthews.

4  **IV.**    **Allen and Kline Interrogatories**

5  Inmates Allen and Kline failed to sign their interrogatories, under penalty of perjury or
6  otherwise, despite being instructed to do so in the letter of explanation that accompanied the
7  interrogatories. (Doc. 114, Ex. A.) The Court has reviewed the interrogatories and there is nothing
8  about them that suggests they are not exactly what they appear to be - Allen's and Kline's unsigned
9  responses to plaintiff's interrogatories.

10  The undertaking to facilitate communication with witnesses carried no guarantee that inmates
11  would follow instructions or be cooperative. Facilitation of communication with these witnesses was
12  accomplished, and plaintiff has made no showing that their failure to sign their interrogatories is of
13  any real consequence. Absent a compelling reason, which has not been presented, the Court will not
14  expand its directive and cause counsel to have to track down Allen and Kline and attempt to
15  persuade them to sign their interrogatories. They cannot be compelled to do so and their expressed
16  unwillingness to testify for plaintiff may well explain their failure to sign their responses under
17  penalty of perjury. The issue with the Allen and Kline interrogatories is closed.

18  **V.**    **Dedmon, Koch, and Green Interrogatories**

19  Left are plaintiff's interrogatories to inmates Dedmon, Koch, and Green. Counsel
20  represented to the Court that the High Desert State Prison litigation coordinator had received nine
21  sets of interrogatories from plaintiff. (Doc. 95.) Plaintiff subsequently contended that the litigation
22  coordinator told plaintiff that he did not receive those interrogatories from plaintiff. (Doc. 99.) In
23  response, counsel has provided the declaration of the now retired litigation coordinator, who attests
24  that he did receive interrogatories for Dedmon and Koch, and forwarded them. (Doc. 117.) The
25  litigation coordinator does not have an independent recollection of receiving Green's interrogatories,
26  however. (Id.)

27  Plaintiff and the Court must accept the statement under penalty of perjury that the Dedmon
28  and Koch interrogatories were forwarded. That plaintiff did not receive a response does not establish

4

the interrogatories were not sent.  The facilitation of communication with plaintiff's witnesses carried no guarantee that the witnesses would be willing to cooperate or would comply with the request for responses.  Indeed, the responses by Allen and Kline demonstrate the reluctance and/or refusal of some inmate to become involved.

Because there is no evidence that the Green interrogatories were sent, counsel shall again facilitate the delivery of interrogatories to Green through the litigation coordinator.[1]  Plaintiff has thirty days from the date of service of this order to deliver the interrogatories to the litigation coordinator at High Desert State Prison.  Delivery of the Green interrogatories and the response, if any, will conclude resolution of the outstanding witness issues.

**IV.    Order**

As set forth herein, it is HEREBY ORDERED that:

1.    Plaintiff's request for leave to serve additional interrogatories on inmate Williams is denied;

2.    Within **thirty (30) days** from the date of service of this order, plaintiff shall provide the litigation coordinator at High Desert State Prison with the interrogatories for inmate Green;

3.    Defendants' counsel shall act as a facilitator to the extent necessary to ensure delivery of the interrogatories to inmate Green and delivery of any response to plaintiff; and

4.    Any and all outstanding witness issues arising from the Court's order of February 13, 2007, are deemed addressed and resolved by this order.

IT IS SO ORDERED.

**Dated:    July 10, 2008**                              **/s/ Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE

---

[1] At the time the Court issued its order requesting that plaintiff be allowed to communicate with his nine witnesses, inmate Green was at Ironwood State Prison.  The Court does not know if he is still there or if he was there at the time the interrogatories were being sent, but the facsimile sheet submitted by counsel indicates that only the litigation coordinators at Corcoran, Calipatria, and Salinas Valley were contacted.  (Doc. 117, Ex. B.)  If Green has not transferred elsewhere, it appears that plaintiff's interrogatories were not sent to Green.