IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SERGEANT C. TYNER, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 1:03-CV-6636 AWI SMS PC <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION <br><br> ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT IN PART AND DENYING MOTIONS IN PART <br><br> (Documents #102 & #125) |

Plaintiff Charles Chatman ("Plaintiff") is a state prisoner who is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On February 26, 2009, the Magistrate Judge filed Findings and Recommendations, recommending that Defendants' motions for summary judgment be granted in part and denied in part. The Findings and Recommendations gave notice that any party could file objections within thirty days. On March 27, 2009, Defendant Rodrigo Duran ("Defendant Duran") filed objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper analysis with the following

additions.

In the objections, Defendant Duran contends that the Magistrate Judge erred in finding Plaintiff suffered a serious injury when he was housed in a cell with water in the floor for fifteen days. Defendant Duran contends that the Eighth Amendment does not protect Plaintiff from this "de minimus injury." As explained by the Magistrate Judge, the court must deny Defendant Duran's motion if there is a disputed issue of fact on whether Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Taking the facts in the light most favorable to Plaintiff, see Hunt v. Cromartie, 526 U.S. 541, 552 (1999), as this court must do on summary judgment, Plaintiff has made such a showing of a disputed issue of material fact. Taking the facts in the light most favorable to Plaintiff, Plaintiff has shown he was kept in a cell that Defendant Duran knew had flowing water running through the cell and this water was half an inch deep. This water appeared to be running from the toilet. Plaintiff had no shoes and no means to mop up the water himself or stop the water's flow. Plaintiff claims that while housed in this cell his nose started to bleed and he caught a cold. Plaintiff was housed this way for fifteen days. Taken in the light most favorable to Plaintiff, there is a disputed issue of fact on whether Plaintiff was housed in an unsanitary condition that posed a substantial risk of serious harm in violation of the Eighth Amendment. Subjecting a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment. Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995).

Defendant Duran makes much over whether Plaintiff suffered a de minimus injury. Defendant Duran takes this term out of context. The Supreme Court stated in Hudson v. McMillian, 503 U.S. 1 (1992), an excessive force case, that the Eighth Amendment's prohibition of cruel and unusual punishment excludes de minimus uses of physical force, provided that the use of force is not of sort "repugnant to conscience of mankind." Id. at 9-10. This case does not concern excessive force, and Hudson provides no guidance. The issue of de minimus injury

comes into play by 42 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Ninth Circuit has found that the physical injury referred to in Section 1997e(e) "need not be significant but must be more than de minimus." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630. Here, there is no indication that Plaintiff is seeking solely damages for mental or emotional injuries and therefore any argument concerning a de minimus injury is misplaced. There is a triable of issue of fact as to whether the conditions to which Plaintiff was subjected were sufficiently serious under the Eighth Amendment analysis. As explained by another Judge in this court:

> An Eighth Amendment conditions of confinement claim does not require an allegation of injury that is more than de minimis. With respect to these types of claims, the issue is the nature of the deprivation, not the injury: because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.

Fields v. Ruiz, 2007 WL 1821469, 7 (E.D.Cal.,2007).

Finally, in his objections, Defendant Duran requests clarification regarding Plaintiff's retaliation claim. This action is proceeding on Plaintiff's First Amendment claim that Defendants Winett, Johnson, and Lundy orchestrated his placement in administrative segregation in retaliation for his numerous complaints about prison conditions. (Docs. 10, 11.) In addition, this action is proceeding on Plaintiff's Eighth Amendment claims against Defendants Winett, Vazquez, Johnson, and Lundy arising out of the incident on yard in which Plaintiff was subjected to freezing temperatures, and against Defendants Duran, Bowman, Traynham, Mack, Wells, and Jimenez arising out of Plaintiff's placement and retention in a flooded cell. (Id.) The court did not identify as cognizable a First Amendment retaliation claim against Defendants Duran,

Bowman, Traynham, Mack, Wells, and Jimenez, and a review of the amended complaint confirms that it does not state a viable retaliation claim arising out of the placement in a flooded cell.[1] (Id.) It appears that the inclusion of language indicating the existence of a retaliation claim based on placement in the flooded cell was in error. The court adopts the Findings and Recommendations in full with the exception of the portion of the sentence on lines 6-14, page 23, referencing a First Amendment retaliation claim against Defendants Duran, Bowman, Traynham, Mack, Wells, and Jimenez.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed February 26, 2009, are ADOPTED IN FULL with the additions and clarifications found in this order;

2. Defendants' Motion for Summary Judgment, filed December 18, 2007 by Defendants Winett, Vazquez, Fortson, Lundy, Johnson, Traynham, Mack, Wells, Jimenez, and Bowman, is GRANTED IN PART and DENIED IN PART as follows:

   a. Granted as to Plaintiff's claims against Defendants Fortson, Winett, Vazquez, and Lundy for retaliating against Plaintiff via his placement in ad-seg for engaging in protected First Amendment activities;

   b. Denied as to Plaintiff's claims against Defendant Johnson for retaliating against Plaintiff via his placement in ad-seg for engaging in protected First Amendment activities;

---

[1] "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted).

4

1         c.     Denied as to Plaintiff's claims against Defendants Winett, Vazquez, Lundy, and Johnson for violating Plaintiff's Eighth Amendment rights based on claims resulting from Plaintiff being exposed to inclement temperatures;

        d.     Denied as to Plaintiff's claims against Defendants Bowman, Mack, Traynham, Wells, and Jimenez for violating Plaintiff's Eighth Amendment rights based on claims resulting from Plaintiff being placed and housed in a flooded cell;

2. Defendant's Motion for Summary Judgment, filed July 7, 2008 by Defendant Duran, is DENIED in its entirety; and

3. Defendants' Motions for Summary Judgment on Qualified Immunity grounds (by Defendants Winett, Vazquez, Fortson, Lundy, Johnson, Traynham, Mack, Wells, Jimenez, Bowman, and Duran) are DENIED.

4. This action is REFERRED to the Magistrate Judge for further scheduling.

IT IS SO ORDERED.

**Dated:**   **March 30, 2009**             /s/ Anthony W. Ishii
                                                CHIEF UNITED STATES DISTRICT JUDGE