1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   CHARLES CHATMAN,                          CASE NO. 1:03-cv-06636-AWI-SMS PC

10                          Plaintiff,

11         v.                                 ORDER DENYING PLAINTIFF'S REQUEST
                                              FOR SETTLEMENT CONSENT TO BE
                                              DEEMED VOID
12   SERGEANT C. TYNER, et al.,

13                          Defendants.       (Doc. 200)

14   _____/

15   **I.      Relevant Procedural History**

16         This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Charles

17   Chatman, a state prisoner proceeding pro se and in forma pauperis.  This action was set for jury

18   trial to commence May 18, 2010.  However, Defendants submitted a notice of disposition based

19   on Plaintiff's acceptance of an offer pursuant to Federal Rule of Civil Procedure 68[1] – which

20   resulted in entry of judgment and case closure.  (Docs. 194 and 199.)  At proceedings held May

21   13, 2010, Plaintiff expressed his desire to be relieved from the settlement such that a briefing

22   schedule was set for motions for enforcement of acceptance of the Rule 68 offer.  (Doc. 195.)

23   Rather than Defendants filing motions to enforce Plaintiff's acceptance of the offer, Plaintiff

24   filed the present request that his settlement consent be deemed void.  (Doc. 200.)  Defendants

25   filed oppositions.  (Docs. 201 and 202.)  Plaintiff did not file a reply.

26   / / /

27   _____

28         [1] All references herein to rules are to the Federal Rules of Civil Procedure unless otherwise specified.

1

1    Though Plaintiff did not correctly identify his motion, it is construed as, a motion for

2    relief from a judgment or order under Rule 60(b).  The matter is deemed submitted.  For the

3    reasons discussed below, Plaintiff's request is denied.

4    **II.    Plaintiff's Motion**

5    Plaintiff requests that his consent to settlement be voided based on his uncertainty in as

6    much as he was not aware when the payment of settlement monies would be made, where the

7    settlement monies would be deposited, and what, if any, tax ramifications he would encounter

8    (i.e. mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1)); that Defendants'

9    counsel were secretive in the process as to how it was presented, in answering his questions, and

10   in discussing Plaintiff's desire to be relieved from the settlement in the May 13, 2010 court

11   proceeding (i.e. fraud and/or misrepresentations under Rule 60(b)(3)); and that he signed the

12   acceptance under duress.  (Doc. 200, Plntf. Mot.)

13   **A.    Rule 60(b)(1)**

14   Pursuant to Rule 60(b)(1), "[o]n motion and upon such terms as are just, the court may

15   relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence,

16   surprise, or excusable neglect . . . ."  Misunderstanding an offer's terms is not the same as

17   misunderstanding factors to be weighed in deciding whether to accept the offer.  *Latshaw v.*

18   *Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1102 (9th Cir. 2006) (the plaintiff understood the

19   unambiguous settlement terms – that she would receive $15,000 in exchange for terminating the

20   litigation – when signing the offer of judgment such that the district court did not abuse its

21   discretion in denying the plaintiff relief under Rule 60(b)(1)).

22   Plaintiff has shown that when he signed the offer of judgment, he understood the

23   unambiguous settlement terms – that he would receive $10,000 in exchange for an entry of

24   judgment of dismissal with prejudice in this matter.[2]  The timing of payment, where settlement

25

26   [2] None of the parties have requested an evidentiary hearing on this matter.  *Erdman v. Chochise County ,*
     *Ariz.*, 926 F.2d 877, 879 n. 2 (9th Cir. 1991) (evidentiary hearing neither held nor requested by either side).  The
27   terms of the Rule 68 offer, $10,000.00 in exchange for judgment of dismissal with prejudice are articulated in
     writing, Doc. 194, Def. Offer of Judg. & Plntf Accept., p. 3-5, and are not in dispute so as to necessitate an
28   evidentiary hearing as was required in *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987), noted in *Erdman*.

monies would be deposited, and possible tax consequences thereof were not part of the

settlement terms.  Ramifications caused by and/or factors to be weighed in deciding to accept the

offer (i.e. when he would receive the settlement monies payment, that the monies would be

deposited into his trust account, and whether he would be taxed on the monies) do not equate to a

misunderstanding of the terms of settlement offered by Defendants.  Plaintiff's subsequent

concerns as to the timing of, place of deposit, and possible tax consequences of payment of the

settlement monies are collateral matters, insufficient to void his consent to the settlement offer.

An offer under Rule 68, "once made, is non-negotiable; it is either accepted, in which case it is

automatically entered by the clerk of court, or rejected, in which case it stands as the marker by

which the plaintiff's results are ultimately measured." *Nusom v. Comh Woodburn, Inc.,* 122 F.3d

803, 834 (9th Cir. 1997).  "[A] party who simply misunderstands or fails to predict the legal

consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to

undo those mistakes." *Latshaw,* 452 F.3d at 1011, quoting *Yapp v. Excel Corp.,* 186 F.3d 1222,

1231 (10th Cir. 1999).   Plaintiff's retrospective contemplations of possible settlement

ramifications do not equate to his mistake, inadvertence, surprise, or excusable neglect to entitle

him to have the settlement voided under Rule 60(b)(1).

**B.**    **Rule 60(b)(3)**

Plaintiff also seeks to be relieved from his acceptance of Defendants' Rule 68 offer on the

basis that Defense counsel did not tell the Court of his requirement that he be paid within forty-

eight (48) hours or he would void the settlement.  (Doc. 200, Plntf. Mot.,  3:10-15, 20-22.)

Pursuant to Rule 60(b)(3), "[o]n motion and upon such terms as are just, the court may

relieve a party . . . from a final judgment, order, or proceeding for . . . fraud . . . ,

misrepresentation, or misconduct by an opposing party. . . ."  "Acts of 'fraud on the court' can

sometimes constitute extraordinary circumstances meriting relief under Rule 60(b)(6)." *Latshaw*,

452 F.3d at 1104, ref. *In re Intermagnetics America, Inc.*, 926 F.2d 912, 916-17 (9th Cir.1991).

"Such fraud on the court 'embrace[s] only that species of fraud which does or attempts to, defile

the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can

not perform in the usual manner its impartial task of adjudging cases that are presented for

adjudication.' " *Id.* quoting *Alexander v. Robertson*, 882 F.2d 421, 424 (9th Cir.1989) quoting J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 60.33, at 515 (2d ed.1978)). "Liberal application is not encouraged, as fraud on the court 'should be read narrowly, in the interest of preserving the finality of judgments.' " *Id.* quoting *Toscano v. Comm'r*, 441 F.2d 930, 934 (9th Cir.1971). The Ninth Circuit "places a high burden on a plaintiff seeking relief from a judgment based on fraud on the court. For example, in order to provide grounds for relief, the fraud must 'involve an "unconscionable plan or scheme which is designed to improperly influence the court in its decision." ' " *Id.* quoting *Abatti v. Comm'r*, 859 F.2d 115, 118 (9th Cir.1988) quoting *Toscano*, 441 F.2d at 934. Even a forged signature on a settlement agreement that is submitted to the court was found to fall far short of "defiling the court itself" and did not resemble "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.*

Plaintiff's allegation that Defendants did not advise the Court of his forty-eight (48) hour payment requirement – that was not one of the terms of the Rule 68 offer and acceptance, does not even begin to approach "defiling the court itself" and is not "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* Accordingly, Plaintiff is not entitled to have the settlement voided under Rule 60(b)(1).

C.   **Rule 60(b)(6)**

Rule 60(b)(6) allows a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of judgment."

"Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is " ' "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." ' " *Latshaw*, 452 F.3d at 1103 quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir.2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993)). "Accordingly, a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion.' " *Id*, quoting *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir.2002).

1    Plaintiff's willing and voluntary signing of acceptance of a Rule 68 offer, which he later

2    regrets and/or seeks to add additional terms to, does not present extraordinary circumstances so

3    as to justify relieving him from a settlement under Rule 68.

4    ### D.    Duress

5    Plaintiff also appears to seek relief from his acceptance of the Rule 68 by asserting that

6    his agreement was secured under duress.  (Doc. 200, Plntf. Mot., 3:9.)  While Plaintiff uses the

7    word "duress" in his motion, *id.*, he fails to identify any factual basis upon which this assertion is

8    based.  Plaintiff's only argument on this point is that "defendants' were secretive in presenting it

9    by failing to answer [his] questions surrounding the process and [his] voice in the matter." *Id.*

10   Defendants evidence shows that not only did they properly serve Plaintiff with a Offer of

11   Judgment under Rule 68, their offer was accompanied by a letter of explanation which advised

12   Plaintiff of the results in cases similar to his, of the potential negative effects of if he did not

13   accept the offer, and of the time frame within which Plaintiff must accept if he so desired.  (Doc.

14   201, Def. Opp., Attach. A., pp. 10-11.)  It is common knowledge in the practice of law that

15   receipt of an offer under Rule 68, and the possible ramifications of nonacceptance, gives even

16   seasoned lawyers some pause.  However, requiring a party to assess his chance of success at trial

17   and whether he wants to risk the negative effects of failing to obtain a better result than that made

18   in an offer under Rule 68 is not duress, but "is the sword which encourages plaintiffs to settle."

19   *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir. 1989).  Indeed, the

20   purpose of Rule 68 is to force plaintiffs to "think very hard before proceeding with their suits."

21   *Id.*  Plaintiff has not shown that he was placed under duress at the time he signed the acceptance

22   of Defendants Rule 68 offer.

23   ## III.    Conclusion

24   Plaintiff failed to show: (1) that he was laboring under a mistake, inadvertence, surprise,

25   or excusable neglect at the time he signed the offer of judgment; (2) that Defendants engaged in

26   fraud, made misrepresentations, or engaged in misconduct; (3) that there is any legal basis to

27   justify relieving him from the Rule 68 settlement; and/or (4) that he was under duress at the time

28   he executed the acceptance of Defendants Rule 68 offer  For these reasons, Plaintiff's Request

for Settlement Consent to Be Deemed Void, filed May 28, 2010, is DENIED WITH

PREJUDICE.

IT IS SO ORDERED.

**Dated:**   **July 21, 2010**                              **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE