# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES J. CHATMAN,<br><br>               Plaintiff,<br><br>        v.<br><br>TYNER, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:03-cv-06636-OWW-SMS PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR INTERVENTION IN ENFORCING OR VOIDING THE SETTLEMENT AGREEMENT WITHIN THIRTY DAYS<br><br>(Doc. 205, 206) |

Charles Chatman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action was set for jury trial to commence May 18, 2010. However, Defendants submitted a notice of disposition based on Plaintiff's acceptance of an offer pursuant to Federal Rule of Civil Procedure 681 – which resulted in entry of judgment and case closure. (Docs. 194 and 199.) At proceedings held May 13, 2010, Plaintiff expressed his desire to be relieved from the settlement such that a briefing schedule was set for motions for enforcement of acceptance of the Rule 68 offer. (Doc. 195.) Rather than Defendants filing motions to enforce Plaintiff's acceptance of the offer, Plaintiff filed a request that his settlement consent be deemed void (Doc. 200) which was denied (Doc. 204).

On September 3, 2010 and September 13, 2010, Plaintiff filed requests for the Court's intervention in enforcing or voiding the settlement agreement in this case. (Docs. 205, 206.) Defendant Duran filed his opposition on September 28, 2010 (Doc. 207) stating that funding for

1 the settlement was dependent upon the passage of a new budget, but that it would be funded and
2 paid after the budget passes.  (Doc. 207.)  Plaintiff replied on October 27, 2010, arguing that
3 Defendant Duran's counsel was not in a position to speak as to the payment of his settlement, but
4 rather that a response was required from the Deputy Attorney General.  (Doc. 208).  Defendants
5 Bowman, C. Fortson, Jimenez, R. Johnson, J. Lundy, J. Mack, T. Traynham, P. Vasquez, Wells,
6 and D. Winett (hereinafter "the CDCR Defendants") were ordered to file their opposition or
7 declaration of non-opposition with which they complied on March 21, 2011.  (Doc. 210.)

8    In their opposition, Defendants submit evidence that in "February 2011" a check was
9 received in the sum of "approximately $9,800" (representing the payment of the judgment of
10 dismissal in this case reduced for payment of restitution fines) which was "promptly forwarded"
11 to the institution where Plaintiff is housed.  (Doc. 210-1, O'Carroll Decl., ¶¶ 3-5.)

12    Payment of the settlement monies to Plaintiff renders his requests/motions moot.

13    Accordingly, Plaintiff's Requests for Court's Intervention in Enforcing or Voiding the
14 Settlement Agreement, filed September 3, 2010 and September 13, 2010, (Docs. 205, 206) are
15 DENIED as moot.

17 IT IS SO ORDERED.

18 **Dated:   March 28, 2011**              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE